IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DYLAN MAHO,

    Plaintiff,

v.                                Case 1:19-cv-00182-KK-SCY

ROSALIND HANKINS and
HAVEN SCOGIN,

    Defendants.

## AMENDED JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 29, 2019, at 10:00 a.m. at the Law Office of Scott M. Davidson, 1011 Lomas Boulevard, NW, Albuquerque, NM 87102 and was attended by: Scott M. Davidson for Plaintiff, and Barry Berenberg for Defendants.

## NATURE OF THE CASE

Plaintiff Maho, a Native American, brings this civil rights action pursuant to 42 U.S.C. § 1983, seeking judicial relief from invidious discrimination by Defendants. Mr. Maho alleges that Defendants abused their power as probation officers to illegally restrict Mr. Maho's liberty and place him in intensive probation, without any authorization to do so. Ms. Maho alleges that Defendants were aware they lacked authorization to place Mr. Maho on probation but did so because of his status as a Native American and their alleged bias against him. Mr. Maho seeks declaratory judgment, compensatory and punitive damages, costs, attorney's fees, and pre- and post-judgment interest.

Defendants deny the substantive allegations against them. In particular, Defendants deny that they abused their power or were biased against Mr. Maho. Defendants allege that the court and the state delayed approximately five months in filing Mr. Maho's judgment and sentence, which resulted in confusion over the terms of Mr. Maho's sentence and the manner and timing in which it was to be executed.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file a motion for default judgment pursuant to Fed. R. Civ. P. 55(a) (failure to file timely answer).

Plaintiff(s) should be allowed until June 21, 2019, to move to amend the pleadings and until July 16, 2019, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: Motion to dismiss or motion for summary judgment based on absolute or qualified immunity (federal claims only). Motion to dismiss or motion for summary judgment based on New Mexico Tort Claims Act (state claims only).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. The parties further stipulate and agree that the law governing this case is New Mexico Law.

## PLAINTIFF'S CONTENTIONS:

Mr. Maho was illegally placed on intensive probation for sex offenders, in spite of a court order that he be placed on the community custody program (CCP) first, and only after the completion of this be placed on probation. Mr. Maho's offenses are not sex offenses as defined under NMSA 1978, § 31-20-5.2.

In 2016, the New Mexico Court of Appeals issued an opinion in Mr. Maho's appeal from revocation of probation. *See State v. Maho*, No. 34,939 (N.M. Ct. App. Mar. 7, 2016). In the Court of Appeals' opinion, it stated unequivocally that the district court never ordered him to be placed on probation commencing in December 2014, that instead, it had ordered him to be on CCP for approximately one year, and only after the completion of this to be placed on probation. Defendants Hankins and Scogin discriminated against Mr. Maho due to his status as a Native American and also because they regarded him as a "sexual deviant," even though his offenses are not sex offenses under Section 31-20-5.2. The Court of Appeals ruling means that the probation was illegally imposed, depriving Mr. Maho of liberty, and the revocation of probation, which resulted in incarceration, was also illegal.

Mr. Maho is an enrolled member of the Rosebud Sioux Nation. In their official interactions with Mr. Maho, Defendants referred to him as "Chief." They referred to meetings as "pow wows." Defendant Hankins told him that "this is not the reservation." Defendants also called him a "sexual deviant" and frequently told him that he belonged in jail. They sought to revoke his (illegal) probation, and succeeded twice, resulting in his unlawful incarceration for approximately 16 months during two periods of time in 2015 and 2016.

Defendants Hankins and Scogin were officers of the New Mexico Probation Department on December 11, 2014, when Mr. Maho reported to their office. They read his Plea Agreement, which provided for CCP for approximately one year, after which Mr. Maho would be placed on probation. In spite of this clear language, the Defendants illegally placed him on probation. Several months later, they alleged that he violated probation conditions, seeking revocation of probation. His probation was revoked, and he was incarcerated at MDC from March 3, 2015 to December 15, 2015 (a period of 272 days). He was released and again they sought to have him jailed again, and they again succeeded; he was incarcerated a second time, from January 3, 2016 to July 20, 2016 (a period of 199 days). During both of these periods of time, he was prevented from having any in-person contact with his son, who was seven years of age in 2015. The damage to both of them and their father-son relationship due to this illegal separation has been devastating.

As a result of the abuse of power and invidious discrimination by the Defendants and their unlawfully placing constraints on his liberty, he was denied various federal constitutional rights including the right to procedural and substantive due process, the prohibition against cruel and unusual punishment, and the guarantee of equal protection of the laws. In addition, as a result of the Defendants' wrongful conduct, Mr. Maho was falsely imprisoned, the Defendants maliciously abused process, intentionally inflicted emotional distress and caused him loss of consortium.

## **DEFENDANT'S CONTENTIONS:**

In 2013, Plaintiff was caught naked and masturbating outside the bedroom of two teenage girls. He pled guilty to three voyeurism charges and was orally sentenced on December 11, 2014. The court docket did not identify the sentence, but said that Plaintiff was to "Obey all rules, regulation [sic] and order of probation, 12/11/2014, Active 12/11/2014" and that he was to be "EVALUATED BY THE PROBATION [SIC] TO DETERMINE IF SEX OFFENDER COUNSELING IS NEEDED." The judgment, which was filed by the Court on April 6, 2015, sentenced Plaintiff to imprisonment for consecutive terms of 18 months, 18 months, and 364 days on the three charges. Three years of the sentence was suspended, requiring Plaintiff to be imprisoned in the Community Custody Program (CCP) for 364 days. Plaintiff was to be placed on supervised probation for three years following his release from custody.

Plaintiff reported to CCP following his sentencing hearing. CCP would not accept him because the sentence had not yet been entered by the Court. CCP instructed Plaintiff to report to Probation and Parole. Plaintiff reported to David Baum at the Monte Vista office. Based on the nature of his offenses, Mr. Baum referred Plaintiff to the Gold Street office. Defendant Haven Scogin assigned Plaintiff to Defendant Rosalind Hankins. Based on the information provided by Plaintiff and available from the Court, Ms. Scogin and Ms. Hankins established conditions for Plaintiff's supervision.

Plaintiff violated the conditions of his supervision on a number of occasions. He resided near an elementary school, had contact with minors, and rented a shop

for the purpose of holding "swinger" parties under the pretext of selling electronics. Ms. Scogin and Ms. Hankins handled these violations as they would for any other person under their supervision. At no time did they discriminate against Plaintiff or make any derogatory comments based on race or other factors.

If Plaintiff should not have been placed under the supervision of Probation and Parole, which is denied, this was the fault of persons or entities other than Ms. Scogin and Ms. Hankins. The Defendants did not place Plaintiff on probation – he came to their office as a probationer after being sent by CCP. Ms. Scogin and Ms. Hankins followed the procedures they were required to follow. Ms. Scogin and Ms. Hankins had no role in the entry of the Judgment and Sentence. That is a role handled by Plaintiff's criminal defense counsel (originally Troy Pritchard, who has since been disbarred), the district attorneys, and the Court. When Plaintiff was brought before the Court the first time for violating the conditions of his supervision, the complaint was heard by the same judge who originally sentenced him and presumably knew the conditions of Plaintiff's sentence.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

**Plaintiff's Witnesses:**

Plaintiff anticipates that he may call the following witnesses:

1. Rosalind Hankins

    Address: c/o Defense Counsel

    Anticipated Testimony: Ms. Hankins is expected to testify about her knowledge of Plaintiff's allegations and policies and procedures related to probation.

2. Haven Scogin

   Address: c/o Defense Counsel

Anticipated Testimony: Ms. Scogin is expected to testify about her knowledge of Plaintiff's allegations and policies and procedures related to probation.

3. Bonnie Sanchez

   Address: 8220 La Mirada NE, #200, Albuquerque, NM 87109, 505-292-4470

Anticipated Testimony: Ms. Sanchez is expected to testify about her assessment of Plaintiff, and communications with Defendants Hankins and Scogin.

4. Metropolitan Detention Center Community Corrections Program (appropriate representative)

   Individual Names: To be determined

   Address: 100 Deputy Dean Miera Dr SW, Albuquerque, NM 87151, 505-468-1612

Anticipated Testimony: A representative of the CCP is expected to testify about Plaintiff's contact with the CCP, CCP policies, communications with the Court, and communications with the Probation and Parole Division.

5. Bernalillo County District Attorney's Office (appropriate representative)

   Individual Names: Orlando Gonzalez, Nicholas Marshall, Alissa Berger, Natalie Strub, Joseph Montano, Gerard Treich, Edna Sprague, Lisa Trabaudo

   Address: Office of the Second Judicial District Attorney, 502 Lomas Blvd NW, Albuquerque, NM 87102, 505-222-1099

Anticipated Testimony: The prosecutors are expected to testify about Plaintiff's sentencing and probation proceedings, their communications with the Probation and Parole Division, Community Custody Program at Metropolitan Detention Center, and the Court.

*7*

6.     Second Judicial District Court (appropriate representative)

    <u>Individual Names:</u> To be determined.

    <u>Address</u>: 400 Lomas Boulevard NW, Albuquerque NM, 87102, 505-841-7425

<u>Anticipated Testimony</u>: The representative of the Second Judicial District Court is expected to testify about the policies and procedures regarding communication of proceedings with the Probation and Parole Division, Community Custody Program at Metropolitan Detention Center, defense counsel, prosecutors, and other individuals involved in carrying out a court order in a criminal case.

7.     Probation and Parole Division (appropriate representative)

<u>Anticipated Testimony</u>: The representative of the Probation and Parole Division is expected to testify about the policies and procedures regarding communication of proceedings with the courts, Community Custody Program at Metropolitan Detention Center, defense counsel, prosecutors, defendants and other individuals involved in handling referrals for probation supervision.

8.     Cherylynn Gunning

    <u>Address</u>: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3600, cherylinn.gunning@lopdnm.us

<u>Anticipated Testimony</u>: Her knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and her communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

9.     Troy Prichard

    <u>Address</u>: 426 Pueblo Solano Road NW, Albuquerque, NM 87107, 505-710-5189, twplaw@yahoo.com (Mr. Prichard was disbarred on December 7, 2016; this is his last known address as reported in the Clerk's Certificate of Disbarment).

<u>Anticipated Testimony</u>: His knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and his communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

10. Craig Acorn

Address: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3600, craigs.acorn@lopdnm.us

Anticipated Testimony: His knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and his communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

11. Douglas Wilber

Address: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3600, douglas.wilber@lopdnm.us

Anticipated Testimony: His knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and his communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

12. Honorable Angela Jewell

Address: Jewell Law Offices, 500 Marquette Avenue NW #150, Albuquerque, NM 87102, 505-247-7426

Anticipated Testimony: Her knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and her communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

**Defendants' Witnesses:**

Defendants anticipate that they may call the following witnesses:

1. Haven Scogin (Defendant):

Address: c/o counsel

Anticipated Testimony: Ms. Scogin is expected to testify about her knowledge of Plaintiff's allegations and policies and procedures related to probation.

2. Rosalind Hankins (Defendant):

Address: c/o counsel

<u>Anticipated Testimony</u>:  Ms. Hankins is expected to testify about her knowledge of Plaintiff's allegations and policies and procedures related to probation.

3. Probation-Parole Officers (DOC):

<u>Individual Names:</u> Adam Baum, Jon-Paul Barabe, Elizabeth Foley, Daniel Montoya, Charles Tully, Blake Pollard, Phillip Snedeker, Valerie Burkett, Jessica Richey, Celene Roybal, Eloy Candelaria, James Wyatt, Ignacio Figueroa, Ryan Sheehan, Jeremy Grob, Kennon Freamon, Sebastian Curtis, Domonic Sena, Noemi Lopez, Yesenia Madrid, Kevin Barreras, Nathan Montano, Jeanette Mora, Betty Hoffman, Christine Rocha, Crystal Herrera, Vincent Pera

<u>Address</u>: c/o counsel (Acts or omissions of these persons may be imputed to the Department of Corrections for purposes of civil liability, and therefore these persons may only be contacted through counsel, pursuant to Rule 16-402 & cmt. 8 NMRA.)

<u>Anticipated Testimony</u>: The Probation-Parole Officers who had contact with Plaintiff are expected to testify regarding Plaintiff's actions while under supervision, as well as their knowledge of Plaintiff's allegations.

4. District Attorneys:

<u>Individual Names:</u> Orlando Gonzalez, Nicholas Marshall, Alissa Berger, Natalie Strub, Joseph Montano, Gerard Treich, Edna Sprague, Lisa Trabaudo

<u>Address</u>: Office of the Second Judicial District Attorney, 502 Lomas Blvd NW, Albuquerque, NM 87102, 505-222-1099

<u>Anticipated Testimony</u>: The (assistant) district attorneys are expected to testify about Plaintiff's sentencing and probation proceedings.

5. Representative of the Metropolitan Detention Center's (MDC) Community Custody Program (CCP):

<u>Individual Names:</u> To be determined

<u>Address</u>: 100 Deputy Dean Miera Dr SW, Albuquerque, NM 87151, 505-468-1612

Anticipated Testimony: A representative of the CCP is expected to testify about Plaintiff's contact with the CCP and the CCP's referral of Plaintiff to the Probation and Parole Division.

6. Plaintiff's Defense Attorneys:

Troy Prichard: 426 Pueblo Solano Road NW, Albuquerque, NM 87107, 505-710-5189, twplaw@yahoo.com (Mr. Prichard was disbarred on December 7, 2016; this is his last known address as reported in the Clerk's Certificate of Disbarment).

Andrew Ortiz: PO Box 704, Albuquerque, NM 87103, 505-242-1195, andrewortizlaw@gmail.com

Rose Osborne: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3575, rose.osborne@lopdnm.us

Cherylinn Gunning: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3600, cherylinn.gunning@lopdnm.us

Jorge Alvarado: 11875 Pigeon Pass Rd, Suite B13 #131, Moreno Valley, CA 92557, 714-541-5157, Jorge.alvarado.ccls@gmail.com

Margaret Broenniman: 505 Marquette Ave NW, Suite 120, Albuquerque, NM 87102, 505-369-3600, Margaret.broenniman@lopdnm.us

Anticipated Testimony: Plaintiff's defense attorneys are expected to testify about their knowledge of Plaintiff's sentence, the sentencing proceedings and procedures, and their communications with the New Mexico Corrections Department regarding Plaintiff's sentence.

7. Charles Bombach:

Address: 4811 Hardwa

Anticipated Testimony: Mr. Bombach is expected to testify about Plaintiff's rental of property from Mr. Bombach, Plaintiff's representations to Mr. Bombach about his intended use of that property, and Plaintiff's actual use of that property.

8. Sahid Marquez:

*11*

    Sahid Marquez has been identified as a potential witness based on court filings in the underlying matters, but his address and the nature of his testimony has not yet been identified.

    9.    Bonnie Sanchez and Linda Myers:

        <u>Address</u>: 8220 La Mirada NE, #200, Albuquerque, NM 87109, 505-292-4470

<u>Anticipated Testimony</u>: Ms. Sanchez and Ms. Myers are expected to testify about their assessments of Plaintiff.

    10.    Dr. Eligio R. Padilla:

        <u>Address</u>: 1776 Montano Rd NW, Los Ranchos de Albuquerque, 87107, 505-344-1776

<u>Anticipated Testimony</u>: Dr. Padilla is expected to testify about his psychological evaluation of Plaintiff.

**Plaintiff's Exhibits:**

    Transcript of hearing held May 29, 2015

    Partial transcript of hearing held July 7, 2015

    Transcript of hearing held June 14, 2016

    Intergovernmental Memorandum of Understanding between Bernalillo County and the Second Judicial District Court regarding inmate population at the MDC (dated March 26, 2014)

    Selected filed pleadings in D-202-CR-2013-04730

    *State v. Maho*, No. 34,939 (N.M.C.A. March 7, 2016)

**Defendants' Exhibits:**

    1.    Offender History.

    2.    Documents related to job duties and job descriptions of Defendants.

    3.    All documents and recordings of hearings from the matter *State v. Maho*, Nos. T-4-CR-2013-016724, D-202-CR-2013-04730, and A-1-CA-34939.

    4.    All documents from the matter *Maho v. Swisstack*, No. S-1-SC-36185.

    5.    Arrest orders and arrest order cancellations.

    6.    Probation violation reports.

    7.    New Mexico Corrections Department Probation Parole Division Offender Orientation Handbook.

    8.    Corrections Department Policies.

    9.    Probation/Parole Intake Packet, January 1, 2013 version.

    10.    Albuquerque Police Department Felony Supplemental Report.

    11.    Albuquerque Behavioral Health LLC Clinical Discharge Summary.

    12.    State of New Mexico Uniform Incident Report.

**Plaintiff's Experts:**

None at this time, but this might change as discovery progresses and we approach trial.

**Defendants' Experts: (include experts identified above)**

    1.    Bonnie Sanchez and Linda Myers:

        Address: 8220 La Mirada NE, #200, Albuquerque, NM 87109, 505-292-4470

Anticipated Testimony: Ms. Sanchez and Ms. Myers are expected to testify about their assessments of Plaintiff.

    2.    Dr. Eligio R. Padilla:

        Address: 1776 Montano Rd NW, Los Ranchos de Albuquerque, 87107, 505-344-1776

Anticipated Testimony: Dr. Padilla is expected to testify about his psychological evaluation of Plaintiff.

Discovery will be needed on the following subjects:  Policies and procedures of New Mexico Probation office regarding placement of individuals on probation, intensive probation, and sex offender probation.

Complaints against Defendants Hankins or Scogin or the New Mexico Probation office, to include allegations of racial or other invidious discrimination; bias or animus against or differential treatment of individuals convicted of sex offenses.

Employee files of Defendants Hankins and Scogin.

Any and all files regarding Mr. Maho maintained by the New Mexico Probation office, the MDC, CCP, the District Attorney's Office, Defendants Hankins and Scogin, New Mexico Corrections Department.

Social media accounts of Defendants Hankins and Scogin.

Communication between Defendants Hankins and/or Scogin with individuals in the District Attorney's office, MDC, APD, CCP, BCSO, or another law enforcement, corrections, or judicial agency or individual regarding Mr. Maho.

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of Plaintiff and experts) limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by August 27, 2019 (90)

from Defendant(s) by September 26, 2019 (120)

Supplementation under Rule 26(e) due every 50 days.

All discovery commenced in time to be complete by December 16, 2019.

Discovery on *(issue for early discovery)* to be completed by (N/A).

Other Items:  *N/A*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for default judgment pursuant to Fed. R. Civ. P. 55(a) (due to failure to file timely answer).

Defendant intends to file: Motion to Dismiss (or Summary Judgment Motion) on Qualified Immunity and Tort Claims Immunity, and others to be determined.

## ESTIMATED TRIAL TIME

The parties estimate trial will require one week.

This will be a non-jury case.

The parties request a pretrial conference 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case is considered likely, but cannot be evaluated prior to depositions of parties and may be enhanced by use of the following alternative dispute resolution procedure:  mediation.  Mr. Maho requests a settlement conference in the month of January or February 2020, assuming discovery is completed by December 16, 2019.  If the discovery completion

date should be extended, then the settlement conference would be requested to take place within one or two months after that date.

## **EXCEPTIONS**

N/A

APPROVED WITHOUT EXCEPTIONS

/s/ Scott M. Davidson (electronically filed)
    For Plaintiff

/s/ Barry Berenberg (via email)
    For Defendants

**CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION**

I hereby certify that I electronically filed this joint status report and provisional discovery plan with the Clerk of the Court by using the CM/ECF system on July 10, 2019. Service will be accomplished by the CM/ECF system.

I also hereby certify that a commercial antivirus program was used to scan this document and it was found to be free of computer viruses. The program used to ensure the virus-free nature of this document is Mac OS Mojave software, Version 10.14, last updated July 1, 2019.

<u>/s/ Scott M. Davidson (electronically filed)</u>