IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DYLAN MAHO,

    Plaintiff,

vs.                                       Civ. No. 19-182 KK/SCY

ROSALIND HANKINS et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' ATTORNEY'S FEES

THIS MATTER comes before the Court on Defendants' Motion To Compel Discovery, filed January 7, 2020. Doc. 54. Plaintiff responded on January 30, Doc. 59, and Defendants filed their reply on February 10, Doc. 71. The Court held a hearing on the motion on March 4, 2020. Doc. 74. For the reasons stated on the record at the hearing, the Court granted the motion to compel. Doc. 75. Plaintiff was ordered to supplement his discovery responses by March 13, 2020. *Id.* On March 18, the parties filed a joint notice indicating that Plaintiff had complied with the Order to Compel, and that "[n]o outstanding discovery remains as to the issues raised in the underlying Motion to Compel." Doc. 76. Therefore, the only live issue with respect to the Motion to Compel is Defendants' request for attorney's fees under Federal Rule of Civil Procedure 37. Doc. 54 at 4-5.

    Rule 37 provides in relevant part:

If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

>       (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>       (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court granted Defendants' motion to compel, and Plaintiff had an opportunity to be heard both in his written response and at the hearing. Therefore, unless one of the three enumerated exceptions apply, the mandatory fee-shifting language of Rule 37 requires the Court to shift fees. None of the enumerated exceptions apply here.

The first exception does not apply because Defendants engaged in a lengthy meet-and-confer process, beginning with their letter of October 16, 2019. Doc. 54-5.

Second, Plaintiff has not demonstrated that his position was substantially justified. For instance, Plaintiff objected to discovery requests calling for all documents in his "possession, custody, or control" because Plaintiff believed that phrase was ambiguous. That phrase is not of Defendants' invention; it originates from the Federal Rules. *E.g.*, Fed. R. Civ. P. 26(a)(1)(A)(ii). There is an abundance of case law discussing the meaning of this phrase. As another example, Plaintiff claimed the term "documents" in Request for Production No. 1 was overbroad. *See* Doc. 54-1 at 12 ("Please produce any and all documents, including videography and photography, you relied upon to answer these Interrogatories and Requests for Production."). Absent unusual circumstances, the scope of the word "documents" is not an objectionable term in a discovery request. In short, Defendants prevailed on each of the issues raised in their motion to compel and none of the issues were so close as to make Plaintiff's opposition substantially justified.

Indeed, rather than pressing an argument that his objections were substantially justified, one of Plaintiff's arguments in opposition to fee-shifting is that he had always agreed to produce the requested documents. The length of time that elapsed between Plaintiff's agreement to

produce these documents and Defendants' eventual filing of their motion to compel, however, is fatal to this argument. In other words, Defendants' motion to compel was not the product of a lack of patience. As Defendants point out, they served discovery in August of 2019, sent their good-faith letter in October of 2019, and filed the motion to compel in January 2020. As noted above, it was not until March 2020 that they received the requested discovery. Despite Plaintiff's good faith willingness to provide the requested discovery, the record contains no reasonable explanation for the delay in actually providing it. The Court, therefore, finds that this delay in answering and producing the discovery was not substantially justified.

Third, at the hearing, Plaintiff argued that an award of fees would be unjust because Plaintiff has acted in good faith. Plaintiff argued that he diligently answered the Interrogatories when they were served to the best of his ability, he did not intend to hide anything, and it is the standard American rule is that the parties bear their own costs. The record does not support a finding of bad faith and the Court does not think Plaintiff acted in bad faith. But the question of whether fees should be shifted does not turn on whether Plaintiff acted in good faith. Instead, the mandatory fee-shifting language of Rule 37 is designed to alter the standard American rule. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (laying out the difference between the standard American rule that attorney's fees are not ordinarily awarded to the prevailing party, and Federal Rule of Civil Procedure 37, which does include attorney's fees as a discovery sanction). Rule 37 is designed to shift the cost of litigating a discovery dispute to the party who loses that dispute. *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 209 n.5 (1999). A finding of bad faith is not necessary, or appropriate, when granting a request for fees under Rule 37. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227-28 (10th Cir. 2015). Here, Plaintiff lost the discovery dispute and points to no circumstances that would make the fee-shifting the rule contemplates unjust.

**IT IS THEREFORE ORDERED THAT** Defendants have 14 days from the date of this Order to file an affidavit outlining the expenses they incurred in connection with the Motion to Compel. Within 14 days after Defendants file their affidavit, Plaintiff may file any objections he has to the amount of fees Defendants request. To avoid the expense of additional litigation, the Court encourages the parties to attempt to reach an agreement as to what is a reasonable fee amount. If the parties reach such an agreement, they should so note in their filings on this matter.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE